ACCEPTED
04-17-00531-CV
FOURTH COURT OF APPEALS
11/1/2017 5:56 PM

No. 04-17-00531-CV

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/01/17 5:56:50 PM
KEITH E. HOTTLE
CLERK

*Jimmy Adock.*

***Appellant,***

v.

*Five Star Rentals/Sales, Inc.*

***Appellee.***

Appeal from Cause 16480B
before the 198th District Court, Kerr County, Texas,

## APPELLANT'S BRIEF-ORAL ARGUMENT REQUESTED

Paul Vick
State Bar No. 20563950
12703 Spectrum Drive
Ste 103
San Antonio, Texas 78249
210.735.1794/210.735.7510-fax

ATTORNEY FOR APPEELLEE

Javier Espinoza
State Bar No. 24036534
Steven Sachs
State Bar No. 24074995
The Espinoza Law Firm, PLLC
2211 Danbury Street
San Antonio, Texas 78217
210.229.1300/210.229.1302 - fax

ATTORNEYS FOR APPELLANT

**November 1, 2017**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................i

INDEX OF AUTHORITIES .......................................................iii

STATEMENT OF THE CASE ......................................................v

STATEMENT REGARDING ORAL ARGUMENT ..........................vii

ISSUES PRESENTED.............................................................viii

STATEMENT OF THE FACTS .....................................................1

STANDARD OF REVIEW..........................................................7

SUMMARY OF ARGUMENT.......................................................8

ARGUMENTS & AUTHORITIES..................................................11

    I.       The trial court erred in refusing to compel arbitration because Five Star agreed to arbitrate any dispute with Adock........................11

    II.     The trial court abused its discretion by denying Adock's motion to compel arbitration on the grounds that Adock had substantially invoked the judicial process to the detriment or prejudice of Five Star....................................................................12

        A. Case law on waiver by invocation of judicial process..............12

        B. Adock's conduct before and after learning of the arbitration agreement does not arise to a substantial invocation of the judicial process......................................................................14

        C. Five Star did not put forth any evidence that it was prejudiced by Adock's alleged invocation of the judicial process....................17

    III.    The trial court abused its discretion by denying Adock's motion to compel arbitration on the grounds that Adock's March 31, 2016 letter constituted an express waiver of arbitration..........................19

A. The plain language of the Adock March 31, 2016 letter demonstrates that it was not a knowing and intelligent waiver of Adock's right to arbitration..............................19

B. The March 31, 2016 letter does not constitute a new agreement between the parties to waive arbitration because Five Star did not know of the arbitration agreement at the time it received the letter.............................................................21

CONCLUSION.......................................................................22

CERTIFICATE OF COMPLIANCE................................................23

CERTIFICATE OF SERVICE.....................................................23

APPENDIX...........................................................................24

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*G.T. Leach Builders, LLC v. Sapphire V.P., L.P.,*

   458 S.W.3d (Tex. 2015)..................................................................19

*Forest Oil v. McAllen,*

   268 S.W.3d 51 (Tex. 2008)...........................................................12

*In re Walker,*

   827 S.W.2d 833.........................................................................7

*In re Weeks Maring, Inc.,*

   242 S.W.3d 849 (Tex. App.—Houston [14th Dist.]
2007).....................................................................................7

*In re Bristol-Myers, Squibb Co,*

   728 S.W.2d 35 (Tex. 1987)...........................................................8

*In re Jebbia,*

   26 S.W.3d 753 (Tex. App.—Houston [14th Dist.] 2000)..........................11

*In re J.D. Edwards Wolrd Solutions Co.,*

   87 S.W.3d 546 (Tex. 2002)..........................................................11

*In re Vesta Ins. Group Inc.,*

   192 S.W.3d 759 (Tex. 2006).....................................................13,15

*In re Fleetwood Homes of Texas L.P.,*

   267 s.w.3d 692 (Tex. 2008).......................................................14, 15

*In re Prudential Ins.,*

   148 S.W.3d 124 (Tex. 2004)......................................................19, 20

*In re General Electric Capital Corp.,*

   202 S.W.3d 314 (Tex. 2006)........................................................19

*Jack B. Anglin Co., Inc. v. Tipps,*

    *842 S.W.2d 266 (Tex. 1992)*……………………...…………………………11

*J.M. Davidson, Inc. v. Webster,*

    *128 S.W.3d 223 (Tex. 2003)*……………………………......…………...7

*Perry Homes v. Cull,*

    258 S.W.3d 580 (Tex. 2008)………………………………7, 12, 13, 16, 17

*Sun Exploration & Prod. Co. v. Benton,*

    728 S.W.2d 35 (Tex. 1987)…………………………………………...9, 19

*U.S. Fid. & Guar. Co v. Bimco Iron & Metal Corp.,*

    464 S.W.2d 353 (Tex. 1971)………………...……………...............…19

## STATEMENT OF THE CASE

This is an accelerated interlocutory appeal from the denial of a Motion to Compel Arbitration filed by Plaintiff/Apellant Jimmy Adock ("Adock"). Adock worked for Defendant/Appellee Five Star Rentals/Sales, Inc. ("Five Star). On December 19, 2014, Adock suffered an on-the-job injury while working for Five Star. CR 39[1]. Adock alleges that on or about June 15, 2017, he was constructively discharged by Five Star in retaliation for reporting his on-the-job injury and initiating the filing of a workers' compensation claim. CR 40. On or about June 15, 2016, Adock filed a workers' compensation retaliation claim under chapter 451 of the Texas Labor Code against Five Star in the 198th District Court of Kerr County, Texas. CR 9.

On June 6, 2017, Adock's Counsel discovered that in response to Plaintiff's initial discovery requests, Five Star had produced an arbitration agreement that required any dispute between Adock and Five Star to be resolved in binding arbitration. CR 51. Adock demanded arbitration the same day, and Five Star refused. CR 51.

Adock filed a Motion to Compel Arbitration on June 7, 2017. CR 11. On July 18, 2017, a hearing on Adock's Motion to Compel Arbitration was heard before the Honorable Judge M. Rex Emerson of the 198th District Court of Kerr

---

[1] The Clerk's record is "CR." The Reporter's Record is "RR."

County, Texas. CR 61. On August 8, 2017, Judge Emerson denied Adock's Motion to Compel Arbitration. CR 61. On August 10, 2017, Adock filed his notice of interlocutory appeal. CR 63.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is likely to materially aid this Court in its review of the issues presented in this case. There was an evidentiary hearing before the trial court in this case, which has been included as the Reporter's Record in the present appeal before this Court. However, Adock believes oral argument will assist the court in understanding the issues in this case, and, therefore, oral argument is necessary to this Court's disposition of the present disagreement.

## ISSUE PRESENTED

Did the trial court err by denying Adock's Motion to Compel Arbitration, where it was undisputed that Adock and Five Star agreed to arbitrate any disputes related to Adock's employment with Five Star, and where Five Star failed to demonstrate that Adock either expressly waived arbitration or waived arbitration by substantial invocation of the judicial process to the detriment or prejudice of Five Star?

## STATEMENT OF FACTS

**I. NEITHER PARTY WAS AWARE OF THE ARBITRATION AGREEMENT PRIOR TO ADOCK FILING SUIT IN STATE COURT.**

**A. ADOCK'S ATTEMPT TO INQUIRE INTO THE EXISTENCE OF ANY ARBITRATION AGREEMENT.**

Adock was a long-term employee of Five Star. CR 39-40. On or about December 19, 2014, Adock suffered an on-the-job injury. CR 39-40. Five Star subscribed to workers' compensation and Adock initiated the filing of a workers' compensation claim by reporting his on-the-job injury to his employer. CR 39-40. On or about June 15, 2015, Adock was constructively discharged by Five Start in retaliation for initiating the filing of a workers' compensation claim. CR 39-40.

On June 15, 2016, Adock filed a workers' compensation retaliation claim against Five Star in the 198th District Court of Kerr County, Texas. CR 4. Prior to filing suit, Adock was unaware if there was an arbitration agreement that would cover his wrongful termination claim. CR 20. On March 31, 2016, prior to filing suit, Adock's counsel sent Five Star a demand letter, which also inquired as to whether there was an arbitration agreement that would encompass Adock's workers' compensation retaliation claim. CR 20. The letter also requested a copy of the arbitration agreement if one existed. CR 20.

On April 20, 2016, counsel for Five Star responded to Adock's demand letter and Adock's inquiry into the existence of an arbitration agreement. CR 22.

1

Five Star disputed that it had terminated Adock, and also made no mention of the existence of an arbitration agreement. CR 22. Subsequently, Adock filed his wrongful termination claim in state court on June 15, 2016 because Five Star did not inform Adock that an arbitration agreement existed. CR 9.

In addition, on July 11, 2016, Five Star filed a *pro se* Answer to Adock's claim. CR 27. Five Star's *pro se* Answer makes no mention of any arbitration agreement. CR 27. After Adock objected to the company appearing *pro se*, Five Star filed an Original Answer *via* counsel on July 18, 2016. CR 4. Again, Five Star's Original Answer makes no mention of an arbitration agreement. CR 4.

### B. ADOCK DEMANDED ARBITRATION AS SOON AS HE BECAME AWARE OF THE ARBITRATION AGREEMENT.

Still unaware of any arbitration agreement, Adock sent Five Star interrogatories and requests for production on July 13, 2016. CR 29. Adock then filed a Motion to Compel Discovery from Five Star on November 9, 2016. CR 45. No hearing was held on the Motion to Compel Discovery.

On *November 29, 2016,* **Five Star responded to Adock's discovery request and produced Adock's employee file, which contained the arbitration agreement at issue in this case. CR 34. However, counsel for Adock did not become aware of the arbitration agreement until June 6, 2017. CR 51. On June 6, 2017, counsel for Adock informed Five Star that in preparing for depositions he discovered that Five Star had produced an arbitration**

2

agreement that would encompass Adock's wrongful termination claim. CR 51. **Importantly, counsel for Adock also demanded that the parties move Adock's claim into arbitration.** CR 51.

In response, counsel for Five Star seemed to be unaware that Adock had inquired as to the existence of an arbitration agreement prior to filing suit, and requested that counsel for Adock send him a copy of the request-despite the fact that Five Star already had a copy of the request. CR 60. In addition, counsel for Five Star was also seemingly unaware of Five Star's response to Adock's request for a copy of the arbitration agreement. CR 60.

On June 7, 2017 Five Star informed Adock that it would not agree to proceed with the case in arbitration. CR 60. Five Star claimed that Adock's March 31, 2016 letter constituted an express waiver of arbitration, and that Adock has also waived arbitration by substantially invoking the judicial process. CR 60.

## C. FIVE STAR ADMITTED AT THE HEARING ON ADOCK'S MOTION TO COMPEL ARBITRATION THAT IT WAS UNAWARE THAT AN ARBITRATION AGREEMENT EXISTED WHEN IT RECEIVED ADOCK'S MARCH 31, 2016 LETTER.

The very same day, on June 7, 2017, Adock filed a Motion to Compel Arbitration. CR 11. On June 9, 2017, Adock filed a First Amended Petition that importantly was subject to Adock's Motion to Compel Arbitration. CR 37.

3

On July 18, 2017, a hearing was held on Adock's Motion to Compel Arbitration before the Honorable M. Rex Emerson of the 198th District Court of Kerr County, Texas. **Five Star's Response to Adock's Motion to Compel does not dispute the existence of a valid arbitration agreement between the parties that covers Adock's workers' compensation retaliation claim.** CR 44.

**Five Star only asserts two arguments in Response to Adock's Motion to Compel Arbitration: (1) that Adock's March 31, 2016 letter constituted an express waiver of arbitration, and (2) that Adock has also waived arbitration by substantially invoking the judicial process.** CR 44.

**However, at the hearing on Adock's Motion to Compel, counsel for Five Star admitted that at the time Five Star received Adock's March 31st request for any arbitration agreement, Five Star was unaware that an arbitration agreement existed between the parties:**

> **"I'll be honest with you, Judge, I'm not sure my client knew there was an arbitration agreement. Once we started responding to the documentation in terms of discovery, then the arbitration agreement or the employment contract was produced, and that was in November of 2016."** RR 10.

In addition, Five Star's Authorized Representative testified during her deposition on June 7, 2017, that she was unaware that Five Star had an arbitration agreement with Adock or that Five Star required its employees to execute an arbitration agreement as a condition of employment. RR 16.

4

On August 8, 2017, Judge Emerson denied Adock's Motion to Compel Arbitration. On August 10, 2017, Adock promptly filed his Notice of Appeal.

## II. THE LANGUAGE OF ADOCK'S MARCH 31, 2016 LETTER DOES NOT CONSTITUTE AN EXPRESS WAIVER OF ARBITRATION ON BEHALF OF ADOCK

Five Star admits that it was not aware an arbitration agreement existed at the time it received Adock's March 31, 2016 letter. RR 10. In addition, the plain language of the letter makes it clear that the letter does not constitute a waiver on behalf of Adock of his right to arbitration. CR 20.

First, the letter makes it clear that Adock was not even aware that an arbitration agreement existed at the time his counsel sent the letter:

> "*If* there is a signed arbitration agreement between my client and his employer that was signed prior to his termination, please produce that to me along with the complete benefit plan so that I may make a demand for arbitration with the proper agency." CR 20 (emphasis added).

Therefore, the plain language of the letter demonstrates that (1) Adock was unaware whether an arbitration agreement existed and (2) was inquiring into the existence of an arbitration agreement so he could pursue arbitration. CR 20.

Second, the letter states that if Five Star knowingly refuses to produce the arbitration agreement, then Five Star, and not Adock, is agreeing to waive Five Star's right to proceed in arbitration:

> "If my client does not receive a copy of the signed arbitration agreement in my office within one month of receiving

5

**this request, my client will proceed with filing suit in State Court and *your* failure to produce any signed arbitration agreement will be your acceptance to proceed in State Court and *your waiver* of enforcement of any arbitration agreement."** CR 20 (emphasis added).

Therefore, the plain language of the letter demonstrates that *only* Five Star would be waiving its right to proceed in arbitration if it knowingly withheld an arbitration agreement. CR 20.

## STANDARD OF REVIEW

This is an interlocutory appeal of an order denying a motion to compel arbitration. A court of appeals reviews a trial court's determination of the arbitration agreement's validity as one of law, subject to *de novo* review. *J.M. Davidson, Inc.*, 128 S.W.3d at 227. In addition, waiver of the contractual right to arbitration is a question of law for the court, and the appellate court does not defer to the trial court on questions of law. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008).

Moreover, A trial court has no "discretion" in determining what the law is or applying the law to the facts. Its opinion may only be overturned if the trial court clearly failed to apply the law correctly. *In re Walker*, 827 S.W.2d 833, 840 (Tex. 1992) (citing *Joachim v. Chambers*, 815 S.W.2d 234, 240 (Tex. 1991)).

This Court is to review the trial court's legal analysis with limited deference to the trial court. *Walker*, 827 S.W.2d at 840. The trial court's erroneous

6

interpretation of the law constitutes a clear abuse of discretion. *Id.* An order that denies a motion to compel arbitration must be upheld by this Court if it is proper on any basis considered by the trial court. *See In re Weeks Maring, Inc.*, 242 S.W.3d 849, 854 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (denying mandamus). In doing so, appellate review is limited to the record and the issues the trial court considered when it ruled on the motion. *In re Bristol-Myers, Squibb Co.*, 975 S.W.2d 601, 605 (Tex. 1998) (original proceeding).

## SUMMARY OF THE ARGUMENT

Five Star does not dispute that Adock has proved a valid arbitration clause governs Adock's wrongful termination claim against Five Star. Rather, Five Star only asserts two arguments in response to Adock's Motion to Compel Arbitration: (1) that Adock waived arbitration by substantially invoking the judicial process and (2) that Adock's March 31, 2016 letter constitutes an express waiver of arbitration. *See* Five Star's Response to Adock's Motion to Compel Arbitration, CR 44. As demonstrated below, the trial court abused its discretion by denying Adock's Motion to Compel Arbitration because Five Star did not present evidence sufficiently proving either an express or implied waiver of arbitration by Adock.

First, although a party may waive an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice, there is a strong presumption against waiver. *Perry Homes*, 258 S.W.3d at 590 (emphasis

7

added). In addition, a party using implied waiver based on an invocation of the judicial process bears the burden of demonstrating **detriment or prejudice.** *Id.* (emphasis added).

In this case, Adock's conduct does not constitute a substantial invocation of the judicial process. Upon learning of the arbitration agreement on June 6, 2017, Adock immediately demanded arbitration. Additionally, other than taking a deposition, the testimony from which will be used in arbitration, Adock promptly requested that the trial court compel arbitration.

Furthermore, Five Star's Response to Adock's Motion to Compel Arbitration is completely devoid of any evidence that Five Star suffered prejudice or detriment. Any discovery already conducted in the state court proceeding would have been conducted the same way in arbitration, and Five Star has not demonstrated that the discovery that has already been conducted in the state court proceeding cannot be used in arbitration or would have to be duplicated in arbitration.

Therefore, Five Star cannot demonstrate that Adock substantially invoked the judicial process after Adock learned of the arbitration agreement, and Five Star has not presented any evidence that Five Star suffered prejudice or detriment as a result of Adock's conduct.

Second, express waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with that right." *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987).

In this case, Five Star cannot demonstrate that Adock's March 31, 2016 letter constitutes a knowing and intelligent waiver of arbitration because at the time Adock sent the letter, Adock was unaware of whether an arbitration agreement existed that would govern his wrongful termination claim against Five Star. The letter, based on its plain language, makes it clear that Adock is attempting to inquire into the existence of an arbitration agreement because he is unaware of whether such an agreement exists.

In addition, Five Star's counsel has also admitted, on the record, that at the time Five Star received the March 31, 2016 letter, Five Star was not aware that an arbitration agreement existed. Five Star's counsel stated on the record that it was not until November of 2016, after Adock had already filed suit in state court, that Five Star first became aware of the arbitration agreement. Thus, Five Star's failure to produce an arbitration agreement at time of receiving the March 31, 2016 letter was not an intentional act designed to form an agreement not to arbitrate.

Therefore, Five Star cannot demonstrate that Adock knowingly waived the arbitration clause or that Five Star and Adock knowingly formed an agreement to jointly waive arbitration.

9

## ARGUMENT

### I. THE TRIAL COURT ERRED IN REFUSING TO COMPEL ARBITRATION BECAUSE FIVE STAR AGREED TO ARBITRATE ANY DISPUTES WITH ADOCK.

A motion to compel arbitration should be treated as "essentially a motion for summary judgment, subject to the same evidentiary standards." *In re Jebbia*, 26 S.W.3d 753, 756–57 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding); *see also In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 896-97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). The party alleging an arbitration agreement must present "complete summary proof of his 'case-in-chief'" that an agreement to arbitrate requires arbitration of the dispute. *In re Jebbia*, 26 S.W.3d at 756–57.

If the party moving for arbitration presents complete summary proof that an agreement to arbitrate requires arbitration of the dispute, the trial court has no discretion to refuse to compel arbitration. *See In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549 (Tex. 2002). A trial courts refusal to compel arbitration upon proper proof of a valid arbitration agreement by the movant denies the movant the benefit of the bargain and is error as a matter of law. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 271 (Tex. 1992).

In this case, Adock presented evidence of an arbitration agreement executed by both Adock and Five Star that encompassed Adock's workers' compensation

retaliation claim and, therefore, required Adock's claim to be submitted to arbitration with the American Arbitration Association. *See* Adock's Motion to Compel Arbitration-Exhibit A, CR 11. In addition, Five Star does not dispute that the arbitration agreement is valid or that it encompasses Adock's workers' compensation retaliation claim. *See* Five Star's Response to Adock's Motion to Compel Arbitration, CR 44.

Adock has met his burden before the trial court by proving the parties agreed to arbitrate their disputes and that his claim was within the scope of the agreement. Therefore, this Court must reverse and remand this case for the trial court to compel the arbitration of Adock's workers' compensation retaliation claim. *See Forest Oil v. McAllen*, 268 S.W.3d 51, 56 and 61 (Tex. 2008).

**II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING ADOCK'S MOTION TO COMPEL ARBITRATION ON THE GROUNDS THAT ADOCK HAD SUBSTANTIALLY INVOKED THE JUDICIAL PROCESS TO THE DETRIMENT OR PREJUDICE OF FIVE STAR.**

### A. THE CASE LAW ON WAIVER BY INVOCATION OF JUDICIAL PROCESS

A party may waive an arbitration clause by substantially invoking the judicial process *to the other party's detriment or prejudice*. *Perry Homes*, 258 S.W.3d at 590 (emphasis added). However, there is a strong presumption against waiver of arbitration, and the hurdle to prove waiver is high. *Id.* A party attempting to establish waiver must also show that they have been prejudiced. *Id.*

11

Prejudice is "the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to ligate an issue and later seeks to arbitrate the same issue." I*d.* at 597.

Waiver must be decided on a case-by-case basis, and the court should look towards the totality of the circumstances and consider factors such as the following:

> **1. When the movant knew of the arbitration clause and how long they delayed before seeking arbitration;**
>
> **2. how much discovery has been conducted;**
>
> **3. who initiated the discovery;**
>
> **4. whether the discovery relates to the merits rather than arbitration or standing;**
>
> **5. how much of the discovery would be useful in arbitration and how much of the discovery would be duplicated in arbitration;**
>
> **6. whether the movant sought judgment on the merits.** *Id.* at 591 (emphasis added).

In addition, the Court has held that the following actions do not constitute waiver of arbitration:

> **1. Filing suit in state court to initiate arbitration.** *Id.* at 592.
> **2. Sending initial discovery, taking four depositions, and moving for dismissal based on standing.** *In re Vesta Ins. Group Inc.* 192 S.W.3d at 763.

**3. Participating in discovery and waiting 8 months to demand arbitration.** *In re Fleetwood Homes of Texas, L.P.*, 267 S.W.3d 692, 694 (Tex. 2008).

**4. Filing pre-trial motions, agreeing to a trial date, seeking a continuance, and designating experts.** *G.T. Leach Builders, LLC v. Sapphire V.P., L.P.*, 458 S.W.3d 502, 511-514 (Tex. 2015).

**B. ADOCK'S CONDUCT BEFORE AND AFTER LEARNING OF THE ARBITRATION AGREEMENT DOES NOT ARISE TO A SUBSTANTIAL INVOCATION OF THE JUDICIAL PROCESS.**

Five Star contends that Adock's following conduct constitutes a substantial invocation of the judicial process (*See* RR 20-21):

> **1. Getting a trial setting from the court. This occurred on May 8, 2017. CR 45.**
>
> **2. Filing a motion to compel discovery. This occurred on November 9, 2016. CR 45. CR 51.**
>
> **3. Taking the deposition of Five Star's Authorized Representative. This occurred on June 7, 2017. RR 51.**

In this case, Adock did not learn of the arbitration agreement until June 6, 2017, the day before the authorized representative was to take place. CR 51. Adock demanded to proceed in arbitration the very same day and Five Star refused. CR 51. Adock also filed a Motion to Compel Arbitration the very next day-June 7, 2017. CR11.

Moreover, none of Adock's conduct prior to learning of the arbitration agreement on June 6, 2017 can be considered an invocation of the judicial process.

13

**1. Sending discovery requests and filing a motion to compel discovery prior to learning of the arbitration agreement does not equal waiver.**

For example, Adock sent discovery and filed a motion to compel discovery *before* learning of the arbitration agreement. CR 45 and 51. However, the Court has held that simply participating in discovery does not constitute an invocation of the judicial process. *See In re Vesta Ins. Group Inc.* 192 S.W.3d at 763 (holding that sending initial discovery and taking depositions did not result in waiver); *see also In re Fleetwood Homes*, 267 S.W.3d at 694.

In addition, it was Adock's filing of the Motion to Compel Discovery that resulted in Five Star finally producing the arbitration agreement. CR. 45. Therefore, the fact that Adock sent discovery requests and then compelled responses *prior* to learning of the arbitration agreement should not be considered a substantial invocation of the judicial proceedings.

**2. Obtaining a trial date, but not proceeding to trial, does not result in waiver.**

Next, Five Star contends that the fact that an Agreed Scheduling Order was filed with the court on May 8, 2017 constitutes a substantial invocation of the judicial process. CR 20-21 and 45. However, the Agreed Scheduling Order was filed *before* Adock learned of the arbitration agreement on June 6, 2017. CR 51. In addition, the Court has held that simply obtaining a trial date, and not proceeding to trial on the merits of the case, does not constitute a waiver of

14

arbitration. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 511-514 (Tex. 2015) (holding that filing pre-trial motions, agreeing to a trial date, seeking a continuance, and designating experts did not result in waiver of arbitration).

Therefore, the fact that Adock obtained a trial date prior to learning of the arbitration agreement does not constitute a substantial invocation of the judicial process.

### 3. Taking depositions, which will also be used in arbitration, does not result in waiver.

Lastly, Five Star contends that Adock waived arbitration when he took the deposition of Five Star's Authorized Representative on June 7, 2017. CR 51 and RR 20-21. However, the day before taking this deposition, counsel for Adock sent an email to Five Star's counsel informing him (1) that he had just discovered the arbitration agreement and (2) that Adock was demanding arbitration. CR 51. In addition, prior to taking the deposition, Adock filed a Motion to Compel Arbitration on June 7, 2017. CR 20.

At the deposition, Adock's counsel also sought to question the Authorized Representative on issues of arbitrability, including when the arbitration agreement between Adock and Five Star was executed. RR 66; *See Perry Homes*, 258 S.W.3d at 591 (a factor to be considered in waiver is how much of the discovery goes to the merits as opposed to arbitrability).

15

Moreover, although it is Five Star's burden to establish waiver, it has put forth absolutely no evidence that (1) the depositions taken by Adock cannot be used in arbitration or (2) that the depositions taken by Adock will have to be duplicated in Arbitration. *See Perry Homes*, 258 S.W.3d at 591 (holding that a factor to be considered in determining waiver is how much of the discovery would be useful in arbitration and how much of the discovery would be duplicated in arbitration).

Therefore, the fact that Adock took the deposition of Respondent's Authorized Representative cannot be considered a substantial invocation of the judicial process.

## C. FIVE STAR DID NOT PUT FORTH ANY EVIDENCE THAT IT WAS PREJUDICED BY ADOCK'S ALLEGED INVOCATION OF THE JUDICIAL PROCESS

In order to prove waiver, Five Star must show that they have been prejudiced. *Perry Homes*, 258 S.W.3d at 590. Therefore, Five Star must demonstrate that proceeding in arbitration would result an "inherent unfairness in terms of delay, expense, or damage to [Five Star's] legal position." *Perry Homes*, 258 S.W.3d at 590.

Five Star's Response to Adock's Motion to Compel Arbitration does not even mention this prejudice requirement, much less put forth any evidence that

16

Five Star will suffer an inherent unfairness or damage to its legal position in this case. CR 44.

Rather, at the hearing on Adock's Motion to Compel, Five Star's counsel only put forth unsupported allegations that proceeding in arbitration would be expensive to Five Star. However, any potential expenses associated with arbitration were incurred when Five Star made the decision to require its employees to execute arbitration agreements as a condition of employment; the expenses associated with arbitration have nothing to do with any conduct on behalf of Adock. CR 11, Exhibit A.

In addition, Five Star has put forward no evidence that (1) the depositions already taken by Adock cannot be used in arbitration or (2) that the depositions already taken by Adock will have to be duplicated in Arbitration. *See Perry Homes*, 258 S.W.3d at 591. Thus, the fact that Five Star has had to participate in limited initial discovery in the state court proceeding should not be considered evidence of prejudice if they are forced into arbitration because Five Star would have incurred these expenses regardless of the forum for Adock's wrongful termination claim.

Therefore, the Trial Court abused its discretion in denying Adock's Motion to Compel Arbitration because Five Star did not meet its heavy burden of proving

17

that Adock waived arbitration by substantially invoking the judicial process to the detriment of Five Star.

**III. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING ADOCK'S MOTION TO COMPEL ARBITRATION ON THE GROUNDS THAT ADOCK'S MARCH 31, 2016 LETTER CONSTITUTED AN EXPRESS WAIVER OF ARBITRATION.**

Waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Benton*, 728 S.W.2d at 37; *see also U.S. Fid. & Guar. Co. v. Bimco Iron & Metal Corp.*, 464 S.W.2d 353, 357 (Tex. 1971). The Texas Supreme Court has held that a waiver must be "voluntary, knowing, and intelligent, with full awareness of the legal consequences." *In re Prudential Ins.*, 148 S.W.3d 124, 131 (Tex. 2004). The waiver must be made "with sufficient awareness of the relevant circumstances and likely consequences." *In re General Electric Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006).

**A. THE PLAIN LANGUAGE OF ADOCK'S MARCH 31, 2016 LETTER DEMONSTRATES THAT IT WAS NOT A KNOWING AND INTELLIGENT WAIVER OF ADOCK'S RIGHT TO ARBITRATION.**

In this case, the plain language of the letter makes it clear that the letter does not constitute a waiver on behalf of Adock of his right to arbitration. CR 20. For example, the letter makes it clear that Adock was unaware if an arbitration agreement existed and that was the purpose of sending the letter was to in inquire into the existence of any such agreement:

18

> **"*If* there is a signed arbitration agreement between my client and his employer that was signed prior to his termination, please produce that to me along with the complete benefit plan so that I may make a demand for arbitration with the proper agency."** CR 20 (emphasis added).

Therefore, the letter cannot constitute a *knowingly and intelligent* waiver of Adock's right to arbitration because at the time the letter was sent Adock was unaware if an arbitration agreement existed. *In re Prudential Ins.*, 148 S.W.3d at 131.

Moreover, the letter plainly states that if Five Star knowingly refuses to produce the arbitration agreement, *then Five Star*, and not Adock, is agreeing to waive Five Star's right to proceed in arbitration:

> **"If my client does not receive a copy of the signed arbitration agreement in my office within one month of receiving this request, my client will proceed with filing suit in State Court and *your* failure to produce any signed arbitration agreement will be your acceptance to proceed in State Court and *your waiver* of enforcement of any arbitration agreement."** CR 20 (emphasis added).

Therefore, the letter clearly states that *only* Five Star would be waiving its right to proceed in arbitration if it knowingly withheld an arbitration agreement. CR 20.

**B. The March 31, 2016 letter does not constitute a new agreement between the parties to waive arbitration because Five Star did not know of the arbitration agreement at the time it received the letter.**

In addition, the evidence before this Court makes it clear that the letter does not constitute a new agreement between Adock and Five Star to waive arbitration because at the time Five Star received the March 31, 2016 letter Five Star was unaware that an arbitration agreement existed. For example, at the hearing on Adock's Motion to Compel Arbitration, counsel for Five Star admitted that Five Star was unaware that an arbitration agreement existed between the parties when it received the letter and before Adock filed suit in state court:

> **"I'll be honest with you, Judge, I'm not sure my client knew there was an arbitration agreement. Once we started responding to the documentation in terms of discovery, then the arbitration agreement or the employment contract was produced, and that was in November of 2016."** RR 10.

Moreover, Five Star's Authorized Representative testified during her deposition on June 7, 2017, that she was unaware that Five Star had an arbitration agreement with Adock. RR 16. Furthermore, evidence that Five Star was unaware of the existence of the arbitration agreement can be found by looking at the actions taken by Five Star immediately after receipt of the March 31, 2016 letter but before Adock filed suit in state court.

20

For example, on April 20, 2016, counsel for Five Star responded to Adock's demand letter and Adock's inquiry into the existence of an arbitration agreement. CR 22. In its response, Five Star made no mention of the existence of an arbitration agreement, much less any reference to an agreement to waive arbitration. CR 22. In addition, on July 11, 2016, Five Star filed a *pro se* Answer to Adock's claim. CR 27. Five Star's *pro se* Answer also makes no mention of any arbitration agreement. CR 27. Lastly, Five Star's Original Answer *via* counsel filed on July 18, 2016 also no mention of an arbitration agreement or a joint agreement to waive arbitration. CR 4.

Therefore, the Trial Court abused its discretion by denying Adock's Motion to Compel Arbitration on the grounds that Adock expressly waived arbitration because the evidence is clear that Five Star cannot establish that the March 31, 2016 letter constitutes either an express waiver of arbitration by Adock or a joint agreement between Adock and Five Star to waive arbitration.

## CONCLUSION AND PRAYER FOR RELIEF

For the reasons set forth above, Adock respectfully requests the Court reverse the trial court's Order denying Adock's Motion to Compel Arbitration, and direct the trial court to compel arbitration of Adock's workers' compensation retaliation claim and abate this litigation.

Respectfully submitted,

THE ESPINOZA LAW FIRM, PLLC

By: /s/ **Javier Espinoza**
JAVIER ESPINOZA
State Bar No. 24036534
STEVEN SACHS
State Bar No. 24074995
2211 Danbury Street
San Antonio, Texas 78217
210.229.1300 t
210.229.1302 f

**ATTORNEYS FOR APPELLANT**

**CERTIFICATE OF COMPLIANCE**

This brief compiles with the type-volume limitations of Tex. R. App. P. 9.4, as it contains 4797 words, excluding the parts of the brief exempted by Rule 9.4(i)(1).

/S/ **Javier Espinoza**

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2017, a copy of the foregoing was served by email, fax, CM/ECF and/or regular mail on the following parties:

Paul Vick
12703 Spectrum Drive
Ste 103
San Antonio, Texas 78249
210-735-1794
210-733-7510

## INDEX TO APPENDIX

A.    Plaintiff's Motion to Compel Arbitration, including exhibits

B.    Defendant's Response to Motion to Compel Arbitration, including exhibits.

# Exhibit A

CAUSE NO. 16480B

|  |  |  |
|---|---|---|
| JIMMY ADOCK, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 198ᵗʰ JUDICIAL DISTRICT |
| | § | |
| FIVE STAR RENTALS/SALES, INC. | § | |
| | § | |
| *Defendant.* | § | KERR COUNTY, TEXAS |

### PLAINTIFF'S MOTION TO COMPEL ARBITRATION, PLAINTIFF'S MOTION TO STAY LITIGATION PENDING ARBITRATION, AND REQUEST FOR ATTORNEYS FEES AND COURT COSTS

COMES NOW, Jimmy Adcock (hereinafter "Plaintiff") and file this, Motion to Compel Arbitration, Motion to Stay Litigation Pending Arbitration, and Request for attorneys fees and court costs, and would respectfully show the Court the following:

### I. RELIEF REQUESTED

Pursuant to the parties' arbitration agreement attached here to as Exhibit A, Plaintiff requests this Court compel arbitration before the American Arbitration Association and stay the state court proceeding. Additionally, Plaintiff requests this Court sanction the Defendant and award Plaintiff attorney's fees and court costs in the amount of $2,000.00 for failing to timely produce the arbitration agreement when requested March 31, 2016, refusing to abate this proceeding pending arbitration, and reimburse Plaintiff the filing and service fees for the initial his initial lawsuit.

### II. BRIEF FACTUAL AND PROCEDURAL BACKGROUND

This is a workers' compensation retaliation case. The timeline regarding the arbitration agreement is as follows:

- **March 31, 2016**     Plaintiff requested a copy of any applicable arbitration agreement. *See* Exhibit B, Correspondence to Defendant [dated 03.31.16].

- **April 20, 2016**     Defendant's First Attorney, Mr. Carr responded to Plaintiff but did not produce the arbitration agreement. *See* Exhibit C, Correspondence.

- **June 15, 2016**     Plaintiff filed suit in the 198th Judicial District Court. *See* Exhibit D.

- **July 11, 2016**     Defendant filed a pro se answer. *See* Exhibit E, Defendant's Position Statement.

- **July 13, 2016**     Plaintiff sent Defendant written discovery.
  *See* Exhibit F, Correspondence with Discovery requests.
- **July 18, 2016**     Defendant Filed an Original Answer being represented by Attorney Paul F. Vick. *See* Exhibit G, Defendant's First Original Answer.

- **November 29, 2016**     Defendant produces the Arbitration Agreement.
  *See* Exhibit H, Defendant's Production Responses [dated 12.19.16]

According to the Arbitration Agreement, "Any claim or controversy that arises out of or relates to this agreement [Employment Agreement], or the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association." *See* Exhibit A, The Agreement at P. 3, Paragraph 15, "Settlement by Arbitration."

The allegations in Plaintiff's Original Petition clearly involve a claim of discrimination, retaliation and wrongful termination that falls within the scope of the Arbitration Agreement.

Plaintiff's counsel has conferred with Defendant's counsel, Mr. Paul Vick, regarding the arbitration agreement and Defendant refuses to agree to abate the state court proceeding pending arbitration. As a result, Plaintiff seeks the Court's assistance to stay the legal proceedings and compel the parties to arbitrate this claim in binding arbitration.

## II. ARGUMENTS AND AUTHORITIES

### A.     THE FEDERAL ARBITRATION ACT REQUIRES THIS CASE TO BE STAYED AND SUBMITTED TO ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION.

The Federal Arbitration Act ("FAA") states: [a] written provision ... in a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 *U.S.C.* §2 (1999). The FAA also states: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. §3 (1999). Section 3 means the

court cannot deny a stay when one is requested. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1998). When a party asserts a right to arbitrate under the FAA, the question of whether the dispute is subject to arbitration is determined under federal law. *Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995).

As a matter of federal law, any doubts concerning the scope of arbitrable issues are resolved in favor of arbitration, whether pertaining to the construction of the contract or a defense to arbitration. *See In Re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex. 2002). Once a party seeking to compel arbitration establishes that an agreement exists under the FAA and that the claims raised are within the agreement's scope, the trial court has no discretion but to compel arbitration and stay its own proceedings pending arbitration. *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (orig. proceeding); *In re Autotainment Partners Ltd. Partnership*, 183 S.W.3d 532, 534 (Tex. App.— Houston [14th District] 2006, pet. granted).

## III.    CONCLUSION

Because Plaintiff and Defendant agreed to submit this matter to binding arbitration and Plaintiff has established a valid Arbitration Agreement exists per the terms of the Federal Arbitration Act and have established that Plaintiff's claims fall within the Agreement, the parties respectfully request the Court to stay the litigation proceedings and compel this case to binding Arbitration with the American Arbitration Association. The parties further agree that they will be bound by the arbitration agreement, Exhibit B, and any additional rules that are silent in said agreement will be supplemented by the procedural rules of the American Arbitration Association.

## IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Motion to Compel Arbitration and Stay Litigation Proceedings be granted; and that all of Plaintiff's claims against Defendant be adjudicated in arbitration before the American Arbitration Association and for all other relief in law and in equity Plaintiff has shown Plaintiff is justly entitled.

Respectfully submitted,

ESPINOZA LAW FIRM, PLLC
2211 Danbury Street
San Antonio, TX 78217
210.229.1300 t
210.229.1302
www.espinozafirm.com

JAVIER ESPINOZA
Texas Bar No. 24036534
javier@espinozafirm.com
STEVEN SACHS
Texas Bar No. 24074995
steven@espinozafirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2017, a true and correct copy of the foregoing was DELIVERED, MAILED, E-MAILED or FAXED to:

Paul G. Vick
State Bar No. 20563950
Law Offices of Paul G. Vick
12703 Spectrum Drive, Ste. 103
San Antonio, Texas 78249
210.735.1794 t
210.733.7510 f

STEVEN SACHS

CAUSE NO. 16480B

| JIMMY ADOCK, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 198th JUDICIAL DISTRICT |
| | § | |
| FIVE STAR RENTALS/SALES, INC. | § | |
| | § | |
| *Defendant.* | § | KERR COUNTY, TEXAS |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL ARBITRATION, MOTION TO STAY LITIGATION PENDING ARBITRATION, AND REQUEST FOR COSTS AND ATTORNEYS FEES.

On this day, the Court considered Plaintiff's Motion to Compel Arbitration, Motion to Stay Litigation Pending Arbitration, and Request for Costs and Attorneys Fees. After considering the motion filed, the briefs, the case law and arguments of counsel. The Court is of the opinion that the following Order is necessary in the interest of justice.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that in the interest of justice, Plaintiff's Motion to Compel Arbitration is in all things GRANTED. As a result, IT IS ORDERED that this case is stayed pending arbitration before the American Arbitration Association.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant shall, within 14 days, pay $2,000.00 in court costs and reasonable attorneys fees for failing to timely produce the arbitration agreement when requested.

SIGNED _____, 2017.

_____
**JUDGE PRESIDING**

# Exhibit A



Employment Agreement, between  **Five Star Rentals / Sales** , (the "Company") and

_____ (the "Employee").

1. For good consideration, the Company employs the Employee on the following terms and conditions.

2. **Term of Employment.** Subject to the provisions for termination set forth below this agreement will begin on 08-10 , 20 06 , unless sooner terminated.

3. **Salary.** The Company shall pay Employee a salary of $_____ per _____, for all assigned task, jobs, and services, payable at regular payroll periods.

4. **Duties and Position.** The Company hires the Employee in the capacity of _____. The Employee's duties may be reasonably modified at the Company's discretion from time to time.

5. **Employee to Devote Full Time to Company.** The Employee will devote full time, attention, and energies to the business of the Company, and, during this employment, will not engage in any other business activity, regardless of whether such activity is pursued for profit, gain, or other pecuniary advantage. Employee is not prohibited from making personal investments in any other businesses provided those investments do not require active involvement in the operation of said companies. Note: Other business activity may be authorized by Company management in writing prior to activity.

6. **Confidentiality of Proprietary Information.** Employee agrees, during or after the term of this employment, not to reveal confidential information, or trade secrets to any person, firm, corporation, or entity. Should Employee reveal or threaten to reveal this information, the Company shall be entitled to an injunction restraining the Employee from disclosing same, or from rendering any services to any entity to whom said information has been or is threatened to be disclosed, the right to secure an injunction is not exclusive, and the Company may pursue any other remedies it has against the Employee for a breach or threatened breach of this condition, including the recovery of damages from the Employee.

7. **Reimbursement of Expenses.** Prior approval must be acquired by Employee from Company management before expense has occurred.

8. **Vacation.** The Employee shall be entitled to a yearly vacation of __1__ week(s) at forty hours pay. Vacation schedules must be approved by Company management 30 days prior to requested vacation.

9. **Insurance.** Five Star Rentals/Sales does have a Texas Workers Compensation Insurance Carrier, AIG Insurance Company. Aflac accident insurance is available immediately upon hire as well as health insurance after the 90 day probationary period at the Employee's expense. Contact management if you are interested in either coverage. The Company is not responsible for accidents. This agreement will serve as a release for Five Star Rentals / Sales from all liability of all accidents and personal injury.

10. **Termination of Agreement.** Without cause, the Company may terminate the Employee and this agreement at any time without prior notice to the Employee. The Employee may terminate employment upon two weeks written notice to the Company.

11. **Death Benefit.** Should Employee die during the term of employment, the Company shall pay to Employee's estate any compensation due through the end of the month in which death occurred.

12. **Restriction on Post Employment Compensation.** For a period of ten years after the end of employment, the Employee shall not control, consult to or be employed by any business similar to that conducted by the company, either by soliciting any of its accounts or by operating within Employer's general trading area.

**13. Assistance in Litigation.** Employee shall upon reasonable notice, furnish such information and proper assistance to the Company as it may reasonably require in connection with any litigation in which it is, or may become, a party either during or after employment.

**14. Effect of Prior Agreements.** This Agreement supersedes any prior agreement between the Company or any predecessor of the Company and the Employee.

**15. Settlement by Arbitration.** Any claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Judgment upon the award rendered may be entered in any court with jurisdiction.

**16. Limited Effect of Waiver by Company.** Should Company waive breach of any provision of this agreement by the Employee, that waiver will not operate or be construed as a waiver of further breach by the Employee.

**17. Oral Modifications Not Binding.** This instrument is the entire agreement of the Company and the Employee. Oral changes have no effect. It may be altered only by a written agreement signed by the party against whom enforcement of any waiver, change, modification, extension, or discharge is sought.

Emergency Contact –    Name: _Gloria S. Adcock (mother)_
Address: _317 Powell Kerrville, TX,_
Phone #: _830) 257-5393_

Signed this _10_ day of _August_ 20_00_

Name: _Jimmy Saxon Adcock_

Address: _317 Powell_

City, St., Zip: _Kerrville, TX, 78028_

Phone No: _830) 257-5393_

_Jimmy S. Adcock_
Employee Signature

_[signature]_
Five Star Rentals / Sales
1510 Medina Highway
Kerrville, Texas 78028
830-896-0282

_8-10-00_
Date

5 STAR231

# Exhibit B

# ESPINOZA LAW FIRM, PLLC

www.espinozafirm.com

2211 Danbury Street
San Antonio, TX 78217
210.229.1300 l
210.229.1302 f

March 31, 2016

*Sent Via CMMR (7013 1710 0001 3111 7028)*
Jack E Fulton Five Star Rentals/Sales, Inc.
1510 Medina Hwy
Kerrville, TX 78028-9871

> RE:   My Client:              Jimmy Adock
>       Date of Termination:   January 15, 2015

Dear Sir or Madam:

Our office represents Mr. Adock in his claims against his former employer, Five Star Rentals/Sales, Inc. for wrongful termination in violation of the Texas Labor Code Section 451. Mr. Adock was injured while in the course and scope of his employment on December 19, 2014 and terminated shortly thereafter on January 15, 2015. My client believes he was terminated in retaliation for his work injury and subsequent workers' compensation claim.

My client hereby makes all claims for his resulting damages against his former employer Five Star Rentals/Sales, Inc. If there is a signed arbitration agreement between my client and his employer that was signed prior to his termination, please produce that to me along with the complete benefit plan so that I may make a demand for arbitration with the proper agency. If there is no arbitration agreement between you and my client, please let me know so that I may proceed with filing a suit in State Court.

If my client does not receive a copy of the signed arbitration agreement in my office within one month of receiving this request, my client will proceed with filing suit in State Court and your failure to produce any signed arbitration agreement will be your acceptance to proceed in State Court and your waiver of enforcement of any arbitration agreement. We believe the same logic applied to employees applies to employers. Please see *In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002) (an employee can accept an agreement to arbitrate merely by continuing employment, without signing any document or expressly agreeing to the arbitration). Consideration for this agreement between you and my client will be the fact that proceeding in State court is less expensive for you than paying an arbitrator and administrative fees which can easily exceed more than twenty thousand dollars.

If you fail to produce an arbitration agreement and my client files suit in State Court and a Court determines that this case should proceed in arbitration due to your late production of said document, then you agree to reimburse all filing and serving fees to my client.

Thank you in advance for you time and attention to this matter.

Sincerely,

STEVEN BACHS

5 STAR49

# Exhibit C

# MICHAEL R. CARR
## ATTORNEY AT LAW
### 902 MAIN STREET
### HUMBLE, TEXAS 77338
### (281) 540-1220   Fax (281) 540-7520

BOARD CERTIFIED
COMMERCIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

BOARD CERTIFIED
RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

April 2 0, 2016

Espinoza Law Firm, PLLC
Steven Sachs
2211 Danbury Street
San Antonio, Texas 78217

Certified Mail
Return Receipt No. 70131710000195475232

Re: Employment of Jimmy Adock with Five Star Rentals/Sales, Inc.

Dear Mr. Sachs,

Regarding your letter of March 31, 2016, concerning the employment of Jimmy Adock, please be advised that as of yet, Mr. Adock's employment has not been terminated. Following his accident, Mr. Adock has been requested to take his functioning capacity exam ("FCE") in order to clear him for resuming work duties. Mr. Adock has repeatedly been requested to complete such exam but has failed to do so. Such exam is required prior to resuming work duties. As he is aware, the exam will be provided at no cost to him. Please have your client contact the case nurse to schedule such test. Please advise Terry Sallee if your client has any problem scheduling such test.

Yours truly,

*M. R. Carr*

M. R. Carr

Cc: Terry Sallee
Five Star Rentals/Sales, Inc.
1510 Medina Hwy
Kerrville, Texas 78028-9871

F:\RpWin\indell\SALLEE, TERRY\Letter-Jimmy Adock.docx

# Exhibit D

CAUSE NO. 16480B

| | | |
|---|---|---|
| JIMMY ADOCK, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 198TH JUDICIAL DISTRICT |
| | § | |
| FIVE STAR RENTALS/SALES, INC. | § | |
| | § | |
| *Defendant.* | § | KERR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JIMMY ADOCK, (hereinafter referred to as "Plaintiff"), complaining of FIVE STAR RENTALS/SALES, INC., (hereinafter referred to as "Defendant"), and for a cause of action would respectfully show unto the Court as follows:

### DISCOVERY

1. *Discovery Control Plan.* Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Discovery Control Plan Level Two governs this lawsuit.

2. *Request For Disclosure.* Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

### PARTIES

3. Plaintiff is a resident of the State of Texas and Plaintiff has resided there at all times material to this lawsuit.

4. Defendant is a private company organized under the laws of the State of Texas, and has a principal place of business located at 1510 MEDINA HWY, KERRVILLE, TEXAS 78028 and may be served with process by serving its registered agent JACK E. FULTON located at 1510 MEDINA HWY., KERRVILLE, TEXAS 78028and/or where ever may be found.

ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND                    PAGE 1

## MISNOMER/MISIDENTIFICATION

5.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION & VENUE

6.     This court has personal jurisdiction, both specific and general, over Defendant and Defendant is amenable to service by a Texas court. Additionally, venue is proper in Kerr County because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Kerr County and Defendant has its principal place of business in Kerr County. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1)and(3).

7.     Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one hundred thousand dollars ($100,000.00) but less than two hundred thousand dollars ($200,000.00). Plaintiff reserves the right to amend these amounts if a jury awards an amount in excess of two hundred thousand dollars ($200,000.00).

## STATEMENT OF FACTS

8.     Defendant has been a "subscriber" of worker's compensation insurance at all times material to this action.

9.     At all times relevant to this suit, Plaintiff was employed by Defendant for approximately eighteen (18) years.

10.    On or about December 19, 2014, Plaintiff suffered an on-the-job injury. Plaintiff sustained a broken leg. He immediately reported his injury to his supervisor Michelle Wheeler at the

Medina location. Emergency services were called and took Plaintiff to the St. Peterson emergency room.

11. When the injury was reported, Plaintiff's supervisor of all three locations, Mr. Ray Scarbero began telling Plaintiff he was making it up. Mr. Scarbero repeatedly called Plaintiff a, "Drama Queen" and repeatedly displayed a negative attitude towards Plaintiff's injured condition. In addition, when Plaintiff reported his injury, Mr. Scarbero told Plaintiff he should have been "ousted" years ago.

12. Following his injury at the end of December 2014, Plaintiff was taken off work by his doctors.

13. On or about January 15, 2015, within a close proximity of Plaintiff's reported on the job injury and request for medical care, Defendant terminated Plaintiff for a pretextual reason. While Plaintiff was on off work status, Mrs. Christina Hamilton, Manager of the Kerrville West store, terminated Plaintiff. Despite Plaintiff's doctor's excuse, Mrs. Hamilton told Plaintiff that Plaintiff's absences due to his on the job injury were considered unexcused absences.

14. As a result of Plaintiff's wrongful termination, Plaintiff has suffered substantial economic losses and severe mental anguish, and Plaintiff will continue to suffer such losses in the future.

## WORKERS' COMPENSATION RETALIATION

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 as if those allegations were set forth verbatim.

16. Plaintiff alleges that Defendant, violated Section 451.001 of the Texas Labor Code by discharging Plaintiff because Plaintiff notified Plaintiff's employer of Plaintiff's on-the-job injury and/or initiated the filing of a worker's compensation claim in good faith.

17. Plaintiff seeks the maximum damages allowed by Section 451.002 of the Texas Labor Code and at common law.

18. Plaintiff's injuries resulted from Defendant's fraud and/or malice as set forth in TEX. CIV. PRAC. & REM. CODE § 41.001 et seq. Accordingly, Plaintiff is entitled to an award of exemplary damages in accordance with Texas law.

## JURY DEMAND

19. Plaintiff demands a jury on all issues so triable. Plaintiff has tendered the appropriate fee.

## REQUEST FOR RELIEF

20. Based on the foregoing, Plaintiff requests that Defendant appear and answer, and that on final trial of this lawsuit Plaintiff have final judgment against Defendant for the following relief:

a) All reasonable damages;
b) Lost earnings and employee benefits in the past;
c) Lost earnings and employee benefits that in reasonable probability will be lost in the future;
d) Compensatory damages, past and future (which may include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses);
e) Exemplary damages;
f) Pre-judgment and post-judgment interest at the maximum amount allowed by law;
g) Costs of suit;
h) The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

## PRAYER

21. **WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested, for pre-judgment interest, for costs of this suit, punitive damages and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ESPINOZA LAW FIRM, PLLC**
2211 Danbury Street
San Antonio, Texas 78217
210.229.1300 t
210.229.1302 f
www.espinozafirm.com

JAVIER ESPINOZA
Texas Bar No. 24036534
**STEVEN SACHS**
Texas Bar No. 24074995

# Exhibit E



**Five Star Rentals / Sales**

July 7, 2016

TO:   Clerk of the Court            Certified Mail No.: 7010 1670 0001 4786 9511
        Robbin Burlew, District Clerk
        700 Main St, Suite 236
        Kerrville, TX 78028

CC:    Steven Sachs              Certified Mail No.: 7014 1200 0002 0362 9302
        Espinoza Law Firm, PLLC
        2211 Danbury St.
        San Antonio, TX 78217

RE:    Cause No. 16480B

To whom it may concern:

Our rebuttal to this claim is as follows:

The injury was first reported to Michelle Wheeler (counter sales representative at the Main location, 1510 Medina Hwy, Kerrville, TX), not Ray Scarborough (Operations Manager) as Mr. Scarborough was away from the store at the time of the accident. Mr. Scarborough did not call Mr. Adcock any names. He did pick up a company driver from a different store and go to the scene of the accident and spoke with Charles Winn Kilgore the contractor at the jobsite, as well as have the company driver pick up the truck to bring it back to the Main location as Mr. Adcock was already being transported to the emergency room at Peterson Regional Medical Center in Kerrville, TX.

The accident was reported to Liberty Mutual Insurance (Workers Compensation Insurance carrier for Five Star Rentals/Sales, Inc.) and we were given a claim number of WC197A77878 for this accident involving Mr. Jimmy Adcock. This information was given to the hospital administration when they contacted us for payment arrangements.

In reference to number 13 in the citation that we received concerning Christina Hampton, Ms. Hampton is a manager at the Kerrville West location (1809 Junction Hwy, Kerrville, TX). She does not have any authority to hire or fire anyone without the consent of Ray Scarborough or

Kerrville (Corporate Office)    Kerrville (West Store)    Comfort
1510 Medina Highway        1809-A Junction Hwy       05 Hwy 289
Kerrville, TX 78028          Kerrville, TX 78028        Comfort, TX 78013
(830) 896-0282             (830) 895-3633          (830) 995-3008

1-800-662-6102
www.fivestarrental.com
email – sales@fivestarrental.com

Rev: 01312011

Jack Fulton. Mr. Adcock was not an employee at the West location; however he is an employee at the Main location. All hiring and firing is done through Ray Scarborough.
As to the claim that Mr. Adcock was fired on or about January 15, 2015 is a false claim. He was on a Workers Compensation claim until June 15, 2015.

Mr. Adcock had been advised throughout the tenure of his Workers Compensation claim that he would need to complete a Functioning Capacity Exam before returning to work, which he agreed to do. It was scheduled for July 8. 2015. To this date, it has not been completed. Mr. Adcock's Workers Compensation benefits stopped on or about July 9, 2015 as per Liberty Mutual Insurance. This decision was made and determined by Liberty Mutual Insurance.

In August of 2015 Mr. Adcock filed for Unemployment benefits. I, Terry Sallee, had two interviews with the Texas Workforce Commission concerning Mr. Adcock's claim. Five Star Rentals/Sales, Inc., is still awaiting the results of Mr. Adcock's Functioning Capacity Exam so that he may return to work.

Respectfully, .

Terry Sallee
Vice President of Finance
Five Star Rentals/Sales, Inc.

Kerrville (Corporate Office)
1510 Medina Highway
Kerrville, TX 78028
(830) 896-0282

Kerrville (West Store)
1809-A Junction Hwy
Kerrville, TX 78028
(830) 895-3633

Comfort
06 Hwy 289
Comfort, TX 78013
(830) 995-3008

1-800-662-6102
www.fivestarrental.com
email – sales@fivestarrental.com

Rev: 01312011

# Exhibit F

# ESPINOZA LAW FIRM, PLLC

www.espinozafirm.com

2211 Danbury St.
San Antonio, TX 78217
210.229.1300 t
210.229.1302 f

July 13, 2016

**_Sent via fax (830.896.0290)_**
Terry Sallee
Vice President of Finance
Five Star Rentals/Sales, Inc.
1510 Medina Highway
Kerrville, Texas 78028

Re:     *Jimmy Adock v. Five Star Rentals/Sales, Inc.;* Cause No. 16480B, In the Judicial District Court at Law 198th, Kerr County, Texas.

Dear Counsel,

Enclosed please find the following documents:

1. Plaintiff's First Request for Admission to Defendant Five Star Rentals/Sales, Inc.;
2. Plaintiff's First Set of Interrogatories to Defendant Five Star Rentals/Sales, Inc.; and
3. Plaintiff's First Request for Production and Request for Privilege Log to Defendant Five Star Rentals/Sales, Inc.

Should you have any additional questions or concerns, please feel free to contact our office.

Sincerely,

Tassia A. Carranza
Paralegal to
STEVEN SACHS

/tc

Encl.

# Exhibit G

CAUSE NO. 16480B

| JIMMY ADOCK | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | |
| V. | § | 198TH JUDICIAL DISTRICT |
| | § | |
| FIVE STAR RENTALS/SALES, INC. | § | KERR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Five Star Rental/Sales, Inc., Defendant in the above-styled and numbered cause, and files this Original Answer and would show unto the Court as follows:

## GENERAL DENIAL

Defendant generally denies the allegations contained in the Plaintiff's Original Petition and asks for a trial of the issues before this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff take nothing by reason of this lawsuit, and for such other relief, at law or in equity, to which this Defendant may show themselves to be justly entitled.

Respectfully submitted,

Law Offices of Paul G. Vick
Spectrum Circle
12703 Spectrum Drive, Suite 103
San Antonio, Texas 78249
Tel: (210) 735-1794
Fax: (210) 733-7510

By    /s/ Paul G. Vick
Paul G. Vick
SBN: 20563950
**ATTORNEYS FOR**
**DEFENDANT/COUNTER-PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 18th day of July 2016.

/s/ Paul G. Vick
Paul G. Vick

# Exhibit H

| | | |
|---|---|---|
| JIMMY ADOCK | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 198TH JUDICIAL DISTRICT |
| | § | |
| FIVE STAR RENTALS/SALES, INC. | § | KERR COUNTY, TEXAS |

## DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

TO:   Jimmy Adock, by and through his attorney of record
Steven Sachs, Espinoza Law Firm, PLLC
211 Danbury Street
San Antonio, Texas 78217


Pursuant to Rule 196.2 of the Texas Rules of Civil Procedure, Defendant, by and through the Law Offices of Paul G. Vick, Defendant's attorneys of record, serves the attached supplemental responses and objections to Defendant's Request for Production.

Defendant objects to the definitions and instructions contained on pages 1 through 5 of Plaintiff's First Request for Production to Defendant Five Star Rentals/Sales, Inc. to the extent that they attempt to place burdens on this Defendant that are outside the scope of the Texas Rules of Civil Procedure, and attempt to place burdens on this Defendant which are outside the scope of permissible discovery.

Respectfully submitted,

Law Offices of Paul G. Vick
Paul G. Vick
SBN: 20563950
12703 SPECTRUM DRIVE, SUITE 103
San Antonio, Texas 78249
(210)-735-1794 Telephone
(210)-733-7510 Telecopier


BY:   /s/ Paul G. Vick
Paul G. Vick
State Bar No. 20563950
ATTORNEYS FOR DEFENDANT

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded in accordance with the Texas Rules of Civil Procedure, on this 29th day of November, 2016 to the following:

Steven Sachs
Espinoza Law Firm, PLLC
211 Danbury Street
San Antonio, Texas 78217

/s/ Paul G. Vick
Paul G. Vick

# Exhibit B

Filed 6/12/2017 4:32:01 PM
Robbin Burlew
District Clerk - Kerr County, TX
By: Melanie Schleife, Deputy

## CAUSE NO. 16480B

| | | |
|---|---|---|
| JIMMY ADOCK | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 198TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| FIVE STAR RENTALS/SALES, INC. | § | KERR COUNTY, TEXAS |

JIMMY ADOCK § IN THE DISTRICT COURT

V. § 198TH JUDICIAL DISTRICT

FIVE STAR RENTALS/SALES, INC. § KERR COUNTY, TEXAS

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION, PLAINTIFF'S MOTION TO STAY LITIGATION PENDING ARBITRATION, AND REQUEST FOR ATTORNEY FEES AND COURT COSTS

Now Comes Respondent, Defendant Five Star Rental/Sales, Inc., and submits this Response to Plaintiff's Motion to Compel Arbitration, Plaintiff's Motion to Stay Litigation Pending Arbitration, and Request for Attorney Fees and Court Costs and as grounds would show the Court as follows:

### I.  BACKGROUND

1.  Plaintiff filed this lawsuit against Defendant on June 15, 2016 alleging that he was terminated in retaliation for filing a worker's compensation claim. Defendant has responded that Five Star Rental/Sales, Inc. never terminated Plaintiff's employment with Defendant; and offered for him to return to his job duties upon the completion of a Functioning Capacity Exam (FCE) which was required in order to insure he would be able to perform his job duties without reinjuring himself. To date, Plaintiff has failed to perform the FCE, in spite of multiple requests to do so.

2.  On December 19, 2014, Mr. Adcock was delivering a piece of equipment to Winn Kilgore of Stonecraft Homes at his jobsite at 211 South Spanish Oak Trail in the Tierra Linda Subdivision. Mr. Adock fell when stepping off the pavement while walking back to the truck he

was driving for Defendant, breaking his leg. Mr. Adcock filed a claim for worker's compensation benefits and received those benefits until June of 2015.

3.     Defendant Five Star Rental/Sales, Inc. never terminated Plaintiff's employment with Defendant; and offered for him to return to his job duties upon the completion of a Functioning Capacity Exam (FCE) which was required in order to insure he would be able to perform his job duties without reinjuring himself. Mr. Adcock has refused to perform the Functioning Capacity Exam which could enable him to return to work.

## II.     HISTORY OF CASE

4.     Plaintiff filed this lawsuit on June 15, 2016. An Agreed Protective Order was entered into by Plaintiff and Defendant on October 13, 2016 with regard to discovery items which were produced to Plaintiff on the same day, including the agreement that Plaintiff now uses in an attempt to compel arbitration.

5.     Plaintiff then filed a Motion to Compel Discovery of Defendant Five Star Rentals/Sales, Inc. on November 9, 2016. Plaintiff then filed a Motion for Pretrial Docket Control Order on March 3, 2017 requesting that this case be set on the jury docket. Without setting the motion for hearing, Plaintiff forwarded an "Agreed Scheduling Order" (which had not been agreed to by Defendant) to this Honorable Court for the Judge's signature on May 8th, 2017. An Agreed Level II Scheduling Order as agreed to by both parties was signed by Judge Emerson on May 24, 2017 setting the case for jury trial on September 12, 2017 with a Pretrial Conference on August 30, 2017. Plaintiff filed their

5.     Plaintiff filed his Motion to Compel Arbitration, Plaintiff's Motion to Stay Litigation Pending Arbitration, and Request for Attorney Fees and Court Costs on June 7, 2017 alleging that the agreement on which they attempt to rely was not produced until December 19,

.Page

45

2016. Unfortunately, this is not accurate; the document was produced to Plaintiff on November 29, 2016 with the First Supplemental Responses to Request for Production.

6.    On June 6, 2017, counsel for Plaintiff sent an email to Defendant's counsel stating that "in anticipation of the depositions Thursday, we discovered an arbitration agreement implicating the AAA..." (please see email dated June 6, 2017 attached as *Exhibit A*). Of course, Plaintiff had been in possession of the document since November of 2016. Of particular concern is the fact that Plaintiff clearly indicated by the email that the purpose of pushing arbitration is to burden Defendant with additional costs through arbitration in order to coerce settlement. Plaintiff then sent another email that same day with invoices attached from other arbitrations to show the extent of arbitration costs to Defendant (please see second email dated June 6, 2017 attached as *Exhibit B*). Clearly, Plaintiff seeks to avoid proceedings in this court, including a dispositive motion, in order to drive up litigation costs to Defendant and garner some sort of settlement in a no liability case.

7.    Of equal importance, Plaintiff established an agreement to not arbitrate this case and to proceed through the court system by counsel's March 31, 2016 correspondence to Defendant. The correspondence states as follows:

*"If my client does not receive a copy of the signed arbitration agreement within one month of receiving this request, my client will proceed with filing suit in State Court and your failure to produce any signed arbitration agreement will be your acceptance to proceed in State Court and your waiver of enforcement of any arbitration agreement."*

Please see March 31, 2016 correspondence from Plaintiff's counsel attached hereto as *Exhibit C; Plaintiff's Exhibit B*. Defendant relied on this agreement to proceed in State Court. Plaintiff's counsel explained these facts to Defendant in an email dated June 7, 2017 (please see June 7 email attached as *Exhibit D*; confidential settlement communications redacted). In spite of this

ͺͺPage

46

knowledge, Defendant chose to file the motion and, incredibly, seeks attorney fees and costs for having done so.

8.  "[A] party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice." *Perry Homes v. Cull*, 258 S.W.3d 580, 589-90 (Tex. 2008). The other party has substantially invoked the judicial process by committing conduct which is inconsistent with a claimed right to compel arbitration, and the inconsistent conduct has caused the other party to suffer detriment or prejudice. Id at 593-594; *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex.2014).

9.  Whether a party has substantially invoked the judicial process depends on a totality of the circumstances. *Perry Homes*, 258 S.W.3d at 589-90. Courts consider a wide variety of factors, including:

- How long the party waited to compel arbitration;

- The reasons for the movant's delay;

- How much discovery the movant conducted before moving to compel arbitration,, and whether that discovery related to the merits;

- Whether the movant asserted affirmative claims for relief in court;

- The extent to which the movant engaged in pretrial matters related to the merits (as opposed to matters related to arbitrability or jurisdiction);

- The amount of time and expense the parties have committed to the litigation;

- When the case is to be tried.

Id at 590—591.

11. This is exactly the conduct committed by Plaintiff by establishing an agreement with Defendant to _not_ arbitrate the case and proceed through State Court; filing a lawsuit in reliance on the agreement not to arbitrate; pursuing State Court litigation by seeking general

„P a g e

47

discovery on the merits of the case, filing multiple affirmative claims for relief with the court (motion to compel, motion to set on jury docket); obtaining a trial date which has been set for September 12, 2016; and filing the motion to compel arbitration three months before trial. Of course, these actions are compounded by Plaintiff indicating the true reason for attempting to compel arbitration, that being an effort to coerce Defendant into settling the case by asserting the increases defense costs of arbitration (see *Exhibits A, B*), all the while allowing a substantial amount of time and State Court litigation effort on the merits take place before attempting to enforce the arbitration agreement, all to the detriment of Defendant.

12. As stated above, the court looks to the totality of the circumstances to determine whether a waiver has occurred by invoking the judicial process. Id at 597. Although the burden is high, the circumstances described above strongly support and evidence that Defendant has met that burden of showing this Honorable Court that Plaintiff has waived any claim to arbitration.

12. Wherefore, Respondent requests that this Honorable Court deny Plaintiff's Motion to Compel Arbitration, Plaintiff's Motion to Stay Litigation Pending Arbitration, and Request for Attorney Fees and Court Costs, award Respondent costs and attorney fees for having to file this response in the amount of $2,000.00, and for such other relief to which Respondent may show themselves justly entitled.

Respectfully submitted,

Law Offices of Paul G. Vick
Paul G. Vick
SBN: 20563950
12703 SPECTRUM DRIVE, SUITE 103
San Antonio, Texas 78249
(210)-735-1794 Telephone
(210)-733-7510 Telecopier

.,P a g e

48

BY:   /s/ Paul G. Vick
       Paul G. Vick
       State Bar No. 20563950
       ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded in accordance with the Texas Rules of Civil Procedure, on this 13th day of June, 2017 to the following:

*Via email to steven@espinozafirm.com:*

Steven Sachs
Espinoza Law Firm, PLLC
211 Danbury Street
San Antonio, Texas 78217

/s/ Paul G. Vick
Paul G. Vick

.,P a g e

49

# Exhibit A

Subj:      RE: Cause #: 16480B, Jimmy Adock v. Five Star Rentals/Sales, Inc.
Date:      6/6/2017 10:36:54 A.M. Central Daylight Time
From:      steven@espinozafirm.com
To:        Pvicklaw@aol.com, marisol@espinozafirm.com
CC:        marisol@espinozafirm.com

Paul,

In anticipation of the depositions Thursday, we discovered an arbitration agreement implicating the AAA at BS 223-231. Please advise if your client will agree to abate the state court proceeding pending arbitration.

As you may know, our office sent a letter March 31, 2015 requesting a copy of the arbitration agreement so that we could proceed in the appropriate venue. Your client's first attorney, Mr. M.R. Car, did not provide a copy of the arbitration agreement when requested.

As you may know, the AAA requires the employer bear the costs and expense of arbitration. In my experience arbitrating many 451 claims before the AAA, the arbitrator will bill your client between $15-30k to arbitrate this matter. We have depositions currently scheduled for Thursday. Please contact me regarding your client's agreement to compel arbitration and whether or not they want to reconsider settlement negotiations considering the expenses of the arbitration association.

If your client does not agree to abate the state court proceeding pending arbitration, we will move to compel arbitration and seek attorneys fees and court costs for not previously producing the agreement prior to discovery, when requested on March 31, 2016.

Please advise.

-Steven


From: Pvicklaw@aol.com [mailto:Pvicklaw@aol.com]
Sent: Monday, June 5, 2017 1:10 PM
To: marisol@espinozafirm.com; steven@espinozafirm.com
Cc: pvicklaw@aol.com
Subject: Re: Cause #: 16480B, Jimmy Adock v. Five Star Rentals/Sales, Inc.

Marisol, can we agree that the Adcock deposition will take place at the LaQuinta without an amended deposition notice? Please let me know. Thanks

Sincerely,

Paul G. Vick
Attorney at Law
12703 Spectrum Drive, Suite 103
San Antonio, Texas 78249
210-735-1794
210-733-7510 Fax

Fredericksburg, Texas Office
150 E. Main Street, Suite 305
Fredericksburg, Texas 78624
830-998-8425
www.paulvicklaw.com

"This e-mail transmission (and/or the attached electronic documents) may contain confidential information belonging to the sender, which is protected by the attorney-client, attorney-work product and/or other privileges. Therefore, this e-mail is covered under the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq., and is legally privileged. The information is intended only for the named recipient. If you are not the named recipient in the text of the message, or it is otherwise evident that the transmission was not intended to be sent to you, you are hereby notified that any use, disclosure, copying, or distribution of the contents hereof is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 210-735-1794, or via reply email, to arrange for the return (at our cost) of any printed reproduction of the original message via the United States Postal Service."

In a message dated 6/1/2017 5:29:38 P.M. Central Daylight Time, marisol@espinozafirm.com writes:

Thanks. I will amend the notice.

*Marisol Cason*

Paralegal

ESPINOZA LAW FIRM, PLLC
2211 Danbury St.
San Antonio, TX 78217


Tuesday, June 06, 2017 AOL: Pvicklaw

# Exhibit B

Subj: RE: Cause #: 16480B, Jimmy Adock v. Five Star Rentals/Sales, Inc.
Date: 6/6/2017 2:11:16 P.M. Central Daylight Time
From: steven@espinozafirm.com
To: pvicklaw@aol.com
CC: marisol@espinozafirm.com

My client gave me a bottom line authority of $20k if paid as nonwages.

Additionally, I've attached three AAA arbitration invoices for arbitrations I have done in the past. These were very simple workers' comp retaliation cases where the arbitrations lasted only one day.

There where there were no hearings on dispositive motions. As you can see, the costs are that high. My goal is to try to give your client an opportunity to resolve this without wasting time and expense on arbitration and attorneys fees and then still risk the possibility of paying my client if an arbitration award is issued.

Please advise at your earliest convenience, I'd rather not waist additional time and expenses on depositions if this case can get resolved.

Best,
Steven


From: Paul Vick [mailto:pvicklaw@aol.com]
Sent: Tuesday, June 6, 2017 1:31 PM
To: steven@espinozafirm.com
Cc: marisol@espinozafirm.com
Subject: Re: Cause #: 164808, Jimmy Adock v. Five Star Rentals/Sales, Inc.

Stephen, in mediation so cannot review right now; even if arbitration we have accomplished everything but depos and dispositive motion. Do not think those are realistic arbitration fee numbers. Do you have a number you want me to take to client?

I will review and talk to client tomorrow.

Sent from my iPhone

On Jun 6, 2017, at 10:36 AM, <steven@espinozafirm.com> <steven@espinozafirm.com> wrote:

Paul,

In anticipation of the depositions Thursday, we discovered an arbitration agreement implicating the AAA at BS 223-231. Please advise if your client will agree to abate the state court proceeding pending arbitration.

As you may know, our office sent a letter March 31, 2016 requesting a copy of the arbitration agreement so that we could proceed in the appropriate venue. Your client's first attorney, Mr. M.R. Car, did not provide a copy of the arbitration agreement when requested.

As you may know, the AAA requires the employer bear the costs and expense of arbitration. In my experience arbitrating many 451 claims before the AAA, the arbitrator will bill your client between $15-30k to arbitrate this matter. We have depositions currently scheduled for Thursday. Please contact me regarding your client's agreement to compel arbitration and whether or not they want to reconsider settlement negotiations considering the expenses of the arbitration association.

If your client does not agree to abate the state court proceeding pending arbitration, we will move to compel arbitration and seek attorneys fees and court costs for not previously producing the agreement prior to discovery, when requested on March 31, 2016.

Please advise.

-Steven


From: Pvicklaw@aol.com [mailto:Pvicklaw@aol.com]
Sent: Monday, June 5, 2017 1:10 PM
To: marisol@espinozafirm.com; steven@espinozafirm.com
Cc: pvicklaw@aol.com
Subject: Re: Cause #: 164808, Jimmy Adock v. Five Star Rentals/Sales, Inc.

Marisol, can we agree that the Adcock deposition will take place at the LaQuinta without an amended deposition notice? Please let me know.
Thanks

Sincerely,

Paul G. Vick
Attorney at Law
12703 Spectrum Drive, Suite 103
San Antonio, Texas 78249
210-735-1794

American Arbitration Association
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

## INVOICE/STATEMENT

| STMT DATE | AMOUNT DUE |
|---|---|
| 09/17/2012 | 24500.00 |

| CASE# |
|---|
| |

Payment Due Upon Receipt

R

American Arbitration Association
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

NAME

R

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 09/17/2012 | | 0.00 | 925.00- | 25426.00 | 24500.00 |

| DATE | REF # | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 06/22/2012 | 10342055 | Initial Administrative Fee | 925.00 | | |
| 06/26/2012 | 3461 | Payment recvd from : Resit | | 925.00- | |
| 09/11/2012 | 10374052 | | 300.00 | | |
| 09/11/2012 | 10374053 | | 300.00 | | 300.00 |
| 09/11/2012 | 10374054 | | 300.00 | | 300.00 |
| 09/17/2012 | 10376422 | | 7200.00 | | 300.00 |
| 09/17/2012 | 10376423 | | 14400.00 | | 7200.00 |
| 09/17/2012 | 10376424 | | 2000.00 | | 14400.00 |
| | | | | | 2000.00 |

Remarks: For any inquiry please call: 800-904-8865
This is a full statement showing all financial activity on this case.

 24500.00

| | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INVOICE SUMMARY: INITIAL/COUNTER-CLAIM FEES | 925.00 | 925.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 900.00 | 0.00 | 900.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 23600.00 | 0.00 | 23600.0 |

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

| STMT DATE | AMOUNT DUE |
|-----------|------------|
| 12/21/2012 | 17250.00 |
| CASE# | |
| | |

## INVOICE/STATEMENT

Payment Due Upon Receipt

Re:

**Please Detach and Return with Payment to the Above Address**       **Please Indicate Case No. on check**

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

NAME

Re:

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|-----------|-------|------------------|-----------------|-------------|-------------------|
| 12/21/2012 | | 0.00 | 2975.00- | 20225.00 | 17250.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|------|------|-------------|--------|---------|---------|
| 01/04/2012 | 10265375 | Initial Administrative Fee | 975.00 | | |
| 01/05/2012 | 26193 | Payment recvd from : Reall. | | 975.00 - | |
| 02/10/2012 | 10285872 | Your Share of the Neutral Compensation Deposit covering 8 hours of Preliminary Matters | 2000.00 | | |
| 03/09/2012 | 10009 | Payment recvd from | | 2000.00 - | |
| 03/05/2012 | 10295387 | | 300.00 | | |
| 03/05/2012 | 10295388 | | 300.00 | | 300.00 |
| 03/05/2012 | 10295389 | | 300.00 | | 300.00 |
| 10/11/2012 | 10387782 | | 750.00 | | 300.00 |
| 10/31/2012 | 10395224 | | 7500.00 | | 750.00 |
| 10/31/2012 | 10395225 | | 7500.00 | | 7500.00 |
| | | | | | 7500.00 |

**Remarks:** For any inquiry please call: 800-504-9308
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 17250.00 |
|-------------------|----------|

Please Indicate Case No. on check

| INVOICE SUMMARY: | | NET BILLED | NET PAID | NET DUE |
|------------------|---|-----------|----------|---------|
| | INITIAL/COUNTER-CLAIM FEES | 975.00 | 975.00 | 0.00 |
| | HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 900.00 | 0.00 | 900.00 |
| | REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| | NEUTRAL COMPENSATION/EXPENSES | 18350.00 | 2000.00 | 16350.00 E1 |

Administrative Fees and Expenses:

| | |
|---|---|
| Filing Fees | $925.00 |
| Case Services Fee | $0.00 |
| Hearing Fees | $750.00 |
| AAA Room Rental Fee | $0.00 |
| Abeyance/Misc. AAA Fees | $0.00 |
| Non-AAA Conference Room Expenses | $0.00 |
| Misc Expenses | $0.00 |

| | |
|---|---|
| Your Share of Administrative Fees and Expenses: | $1,675.00 |
| Amount Paid for Administrative Fees and Expenses: | $2,875.00 |
| Balance Administrative Fees and Expenses: | ($1,200.00) |

Neutral Compensation and Expenses:

| | |
|---|---|
| Your Share of Neutral Compensation and Expenses: | $19,807.24 |
| Amount Paid for Neutral Compensation and Expenses: | $20,470.00 |
| Balance Neutral Compensation and Expenses: | ($662.76) |

| | |
|---|---|
| Party Balance: | ($1,862.76) |

56

# Exhibit C

# ESPINOZA LAW FIRM, PLLC

www.espinozafirm.com

2211 Danbury Street
San Antonio, TX 78217
210.229.1300 t
210.229.1302 f

March 31, 2016

*Sent Via CMMR (7013 1710 0001 3111 7028)*
Jack E Fulton Five Star Rentals/Sales, Inc.
1510 Medina Hwy
Kerrville, TX 78028-9871

RE:    My Client:          Jimmy Adock
        Date of Termination:    January 15, 2015

Dear Sir or Madam:

Our office represents Mr. Adock in his claims against his former employer, Five Star Rentals/Sales, Inc. for wrongful termination in violation of the Texas Labor Code Section 451. Mr. Adock was injured while in the course and scope of his employment on December 19, 2014 and terminated shortly thereafter on January 15, 2015. My client believes he was terminated in retaliation for his work injury and subsequent workers' compensation claim.

My client hereby makes all claims for his resulting damages against his former employer Five Star Rentals/Sales, Inc. If there is a signed arbitration agreement between my client and his employer that was signed prior to his termination, please produce that to me along with the complete benefit plan so that I may make a demand for arbitration with the proper agency. If there is no arbitration agreement between you and my client, please let me know so that I may proceed with filing a suit in State Court.

If my client does not receive a copy of the signed arbitration agreement in my office within one month of receiving this request, my client will proceed with filing suit in State Court and your failure to produce any signed arbitration agreement will be your acceptance to proceed in State Court and your waiver of enforcement of any arbitration agreement. We believe the same logic applied to employees applies to employers. Please see *In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002) (an employee can accept an agreement to arbitrate merely by continuing employment, without signing any document or expressly agreeing to the arbitration). Consideration for this agreement between you and my client will be the fact that proceeding in State court is less expensive for you than paying an arbitrator and administrative fees which can easily exceed more than twenty thousand dollars.

If you fail to produce an arbitration agreement and my client files suit in State Court and a Court determines that this case should proceed in arbitration due to your late production of said document, then you agree to reimburse all filing and serving fees to my client.

Thank you in advance for you time and attention to this matter.

Sincerely,

STEVEN SACHS

# Exhibit D

Subj:      Re: Cause #: 16480B, Jimmy Adock v. Five Star Rentals/Sales, Inc.
Date:      6/7/2017 11:00:14 A.M. Central Daylight Time
From:      Pvicklaw@aol.com
To:        steven@espinozafirm.com, marisol@espinozafirm.com
CC:        pvicklaw@aol.com

Steven, I have reviewed the correspondence you reference and it seems quite clear to me that you established an agreement to not arbitrate and to proceed through the court system by your March 31, 2016 letter. As you know, there are two types of waiver with respect to arbitration agreements; first is an express waiver and the second is by substantially invoking the judicial process. I believe that both apply to this case.

In addition to your March 31 letter which established an agreement not to arbitrate, you have filed the lawsuit, sought discovery, filed affirmative motions with the court (motion to compel, motion to set on jury docket) and sought a trial date which has been set for September.

You have waited a substantial amount of time to attempt to enforce the arbitration agreement, all to the detriment of my client. As you know, the courts look to the totality of the circumstances to determine whether a waiver has occurred by invoking the judicial process. Although the burden is high, I believe a court will find waiver.

In addition, you have clearly indicated by email that the purpose of pushing arbitration is to burden my client with additional costs through arbitration in order to coerce settlement. Frankly, this case is very clear in terms of the fact that your client was never terminated, and his failure to take his Functioning Capacity Exam is the reason he has not been able to return to work.

Obviously, we will not agree to your demand abate state court proceedings pending arbitration, and further believe that the court will award fees to my client for your filing a frivilous motion in this regard. In addition, we will be filing a rule 13 counterclaim in this matter for filing this claim with no basis in law or fact.



Also, be advised that we have arranged for an off duty police officer to be present at the depositions tomorrow because of the past irrational actions by Mr. Adcock; I would expect that you would welcome this as well.

Sincerely,

Law Offices of Paul G. Vick
12703 Spectrum Drive, Suite 103
San Antonio, Texas 78249
210-735-1794

Fredericksburg, Texas Office
150 East Main Street, Suite 305
Fredericksburg, Texas 78624
830-998-8425
www.paulvicklaw.com

In a message dated 6/6/2017 5:00:05 P.M. Central Daylight Time, steven@espinozafirm.com writes:

Your client produced them in discovery to us.

Bate stamped 5Star 49 is our letter to the company sent CMMR 03.31.16. 5Star 45 is the letter from attorney Michael R. Carr dated 04.20.2016. As you can see, his letter failed to provide the arbitration agreement.

Additionally, your client's pro se response filed with the court failed to mention any arbitration agreement.

-Steven

From: Pvicklaw@aol.com [mailto:Pvicklaw@aol.com]
Sent: Tuesday, June 6, 2017 4:37 PM
To: steven@espinozafirm.com; marisol@espinozafirm.com
Subject: Re: Cause #: 16480B, Jimmy Adock v. Five Star Rentals/Sales, Inc.

Steven, could you provide a copy of the March 31, 2016 letter and any response?  Thanks

Sincerely,

Paul G. Vick